UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CASILLAS, | No. 2:14-cv-0984 CKD (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

In April of 2011, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). (Transcript ("Tr") at 13, 96-104.) On May 24, 2012, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Act. (Id. at 13.) Both applications alleged that plaintiff's disability commenced on June

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 6 & 9.)

28, 2006.  (Id. at 13, 96.)  Plaintiff's applications were denied initially, (id. at 52-56), and upon reconsideration.  (Id. at 60-64.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on November 7, 2012.  (Id. at 26-49.)  Plaintiff was not represented by an attorney at the administrative hearing but did testify.[2]  (Id. at 27-32.)  In a decision issued on November 30, 2012, the ALJ found that plaintiff was not disabled.  (Id. at 21.)  The ALJ entered the following findings:

> 1.  The claimant met the insured status requirements of the Social Security Act only through September 30, 2004.
>
> 2.  The claimant has not engaged in substantial gainful activity since June 28, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3.  The claimant has the following severe impairments: status post closed head injury and headaches (20 CFR 404.1520(c) and 416.920(c)).
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c).
>
> 6.  The claimant has no past relevant work (20 CFR 404.1565 and 416.965).
>
> 7.  The claimant was born on March 17, 1984 and was 22 years old, which is defined as a "younger individual age 18-49," on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8.  The claimant has a at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).
>
> 10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can

---

[2]  Plaintiff is proceeding in this action pro se.

2

perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 28, 2006, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 15-21.)

On January 29, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's November 30, 2012 decision. (Id. at 3-5.) On March 27, 2014, the Appeals Council granted plaintiff's request for an extension of time to file a civil action. (Id. at 1.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on April 22, 2014.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so,

3

>     proceed to step three. If not, then a finding of not disabled is appropriate.
>
>     Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
>     Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>     Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's "motion for summary judgment and/or remand," consists of a single page in which he states that "there are no issues of triable fact and that [he is] entitled to judgment as a matter of law."[3] (Pl.'s MSJ (Dkt. No. 14) at 1.[4]) That is essentially the entirety of plaintiff's motion for summary judgment. Plaintiff's filing asserts no claims and offers no argument as to why the court should grant plaintiff's motion for summary judgment.

Although the court is cognizant of the challenges faced by pro se litigants, in the absence of any asserted claims or argument, the court cannot grant plaintiff's motion for summary judgment. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("claimant carries the initial burden of proving a disability"); Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th

---

[3] On September 8, 2014, the court issued a scheduling order. (Dkt. No. 5.) After plaintiff failed to comply with that scheduling order by filing a timely motion for summary judgment and/or remand, the court issued an order to show cause. (Dkt. No. 13.) Plaintiff filed a response on August 31, 2015, stating that he "didn't have any knowledge of that step [he] had to complete." (Dkt. No. 15 at 1.)

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Cir. 2003) (court "cannot manufacture arguments for an appellant"); Hibbs v. Dep't of Human Res., 273 F.3d 844, 873 n. 34 (9th Cir.2001) (finding allegation of error was "too undeveloped to be capable of assessment").

Moreover, a review of the record finds that the ALJ's decision appears to be free from error and supported by substantial evidence. In this regard, the ALJ discredited plaintiff's subjective testimony because, although plaintiff asserted that he became unable to work on June 28, 2006 due of his impairments, plaintiff also stated that he actually stopped working on February 1, 2004, "[b]ecause of other reasons," specifically, "[n]o jobs available." (Tr. at 17, 114.) Additionally, although plaintiff stated that his condition worsened in June of 2011, plaintiff also stated that he did not anticipate seeking any treatment for his impairments. (Id. at 17, 145-46.) These are permissible reasons to discredit a plaintiff's testimony.[5] See Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (affirming ALJ's adverse credibility finding based in part on fact that claimant left his job because he was laid off, not because he could no longer work); Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (ALJ may properly rely on plaintiff's unexplained failure to request treatment consistent with the alleged severity of her symptoms.).

With respect to the medical opinion evidence, on January 7, 2012, Dr. Gerardine Gauch, a psychologist, administered a comprehensive psychiatric evaluation. (Id. at 222.) Although Dr. Gauch found that plaintiff suffered from moderate depression and anxiety, Dr. Gauch opined that plaintiff's ability to understand and remember very short and simple instructions, as well as detailed instructions, was fair, and that plaintiff's ability to maintain concentration and attention was good. (Id. at 226.) Moreover, plaintiff's abilities to accept instructions from a supervisor,

---

[5] The ALJ's decision also discussed the third party testimony offered by plaintiff's mother, which the ALJ ultimately afforded "little weight" because the testimony was "not based on medical expertise" and simply "reflect[ed] the [plaintiff's] subjective complaints." (Tr. at 17.) The ALJ's decision to discredit the third party testimony was permissible. See Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony.").

1 sustain an ordinary routine, complete a normal workday and workweek, interact with coworkers and deal with various changes were also fair. (Id.) The ALJ afforded "significant weight" to Dr. Gauch's opinion. (Id. at 20.)

Plaintiff was also examined on January 19, 2012, by Dr. Harjit Rita Gogna. (Id. at 230.) Dr. Gogna diagnosed plaintiff as suffering from chronic headaches, neck pain, anxiety and depression, but noted that plaintiff had normal range of motion in the cervical and lumbar spine and that plaintiff was "not on any medication and has never seen a psychiatrist," for his anxiety and depression. (Id. at 233.) Dr. Gogna opined that plaintiff had, essentially, "[n]o limitations" with respect to his functional abilities. (Id. at 233-34.) The ALJ afforded Dr. Gogna's opinion "significant weight."[6] (Id. at 18.)

The opinions of Dr. Grauch and Dr. Gogna may alone constitute substantial evidence. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) ("Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict.").

Accordingly, for the reasons stated above, the court finds no basis to grant plaintiff's motion for summary judgment.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 14) is denied;

2. Defendant's cross-motion for summary judgment (Dkt. No. 16) is granted; and

/////
/////
/////

---

[6] Plaintiff was also examined on January 29, 2010 by Dr. Roxanne Morse. (Tr. at 18.) The ALJ, however, afforded Dr. Morse's opinion "reduced weight" because the opinion was "contradicted by the opinion of Dr. Gauch," and the ALJ found Dr. Gauch's opinion to be "more persuasive and consistent with the other evidence of record as a whole." (Id. at 19.)

3. The decision of the Commissioner of Social Security is affirmed.

Dated: February 25, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

\casillas0984.ord.docx